# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK CLEMMONS,<br>                      Plaintiff<br><br>      v.<br><br>RANDY LEHR;<br>ECORE INTERNATIONAL, INC.,<br>                      Defendants | NO. 2:20-CV-04190<br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

TO:    The Honorable Judges of The United States District Court
       For the Eastern District of Pennsylvania

AND NOW, come Defendants, Randy Lehr and Ecore International, Inc., by and through their counsel, John F. Yaninek, Esquire and Thomas, Thomas & Hafer, LLP, and file this Notice of Removal of the above action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County, Pennsylvania, stating as follows:

1.      On or about August 9, 2020, Plaintiff, Patrick Clemmons, who resides at 6217 Rocky Trail, Orlando, Florida 32808, filed a Complaint against Defendants, Randy Lehr, who resides at 164 Spring Hollow Road, Windsor, Pennsylvania 17366 and Ecore International, Inc., doing business at 60 Filbert Street, Hanover, Pennsylvania 17331.  A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2.      The Complaint was served on Defendants on August 13, 2020.

3.      This is a negligence case based on a motor vehicle accident that occurred on State Route 30 in Lancaster, Pennsylvania.  It is alleged that Plaintiff suffered severe bodily injuries to

his head, neck and back, and including traumatic brain injury (TBI post concussive syndrome) from the accident.  See Paragraph 16 of Exhibit "A".

4.      There is reason to believe that the amount in controversy in the underlying action exceeds $75,000.00, exclusive of interest and costs.

5.      Defendants aver that diversity of citizenship exists between all parties in this case as follows and noted in Paragraph 1 above:

(a)      Plaintiff is a resident of Orlando, Florida; and

(b)      Defendants, Randy Lehr and Ecore International, Inc., are residents of Pennsylvania.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332, and this case is removed to this Court pursuant to 28 U.S.C.A. §1441(b).

7.      This Notice is filed within the time of removal as set forth in 28 U.S.C.A. §1446(b), since thirty (30) days have not passed since Defendants were served with a copy of the initial pleadings setting forth the Plaintiff's claim for relief.

8.      The written notice of this filing of removal shall be given to the Plaintiff as required by 828 U.S.C.A. §1446(b).

9.      A true and correct copy of this Notice of Removal is being filed simultaneously with the Prothonotary in the Court of Common Pleas of Philadelphia, Pennsylvania as required by 28 U.S.C.A. §1446(b).

10.      Defendants hereby remove this action to the United Stated District Court for the Eastern District of Pennsylvania and submit that this is proper due to this action being removed to the District Court of the United States for the district and division embracing the place where the action is pending.

**WHEREFORE**, Defendants, Randy Lehr and Ecore International, Inc., hereby remove this action to the United States Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. §1332(A)(2) and U.S.C.A. §§1441(a), and 1446(b).

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By:  _____
John F. Yaninek, Esquire
PA Attorney ID #55741
PO Box 999
Harrisburg, PA 17108-0999
Phone: 717-441-3952
E-mail: jyaninek@tthlaw.com
Attorney for Defendants

Date:  <u>August 27, 2020</u>
4609890.1

## CERTIFICATE OF SERVICE

I, April L. Casper, an employee of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that I sent a true and correct copy of the foregoing Notice of Removal via Electronic Mail to the following:

Kevin Clancy Boylan, Esquire
Hannah Molitoris, Esquire
Morgan & Morgan Philadelphia, PLLC
1800 JFK Blvd., Suite 1401
Philadelphia, PA  19103
Via E-mail:  cboylan@forthepeople.com
& hmolitoris@forthepeople.com
*Counsel for Plaintiff, Patrick Clemmons*

**THOMAS, THOMAS & HAFER, LLP**

/s/April L. Casper

_____

*April L. Casper*

Date:  August 27, 2020
4609890.1

# *Exhibit "A"*

*(Civil Action Complaint)*

**Morgan & Morgan Philadelphia, PLLC**
1800 JFK Blvd.
Suite 1401
Philadelphia, PA  19103
(215) 446-9795
(215) 446-9799 (FAX)
www.forthepeople.com

**Kevin Clancy Boylan**
ID# 314117
cboylan@forthepeople.com

**Hannah Molitoris**
ID# 322436
hmolitoris@forthepeople.com



*Filed and Attested by the Office of Judicial Records*
*03 AUG 2020 03:59 pm*
*A. M. BUSSY*

| | |
|---|---|
| **PATRICK CLEMMONS**<br>**6217 Rocky Trail**<br>**Orlando, FL 32808**<br><br>       **Plaintiff**<br><br>   v.<br><br>**RANDY LEHR**<br>**164 Spring Hollow Rd.**<br>**Windsor, PA 17366**<br><br>**ECORE INTERNATIONAL, INC.**<br>**60 Filbert St.**<br>**Hanover, PA 17331**<br><br>       **Defendants** | **IN THE COURT OF COMMON PLEAS OF**<br>**PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED**<br><br>**NO. 2020 –  –** |

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take prompt action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing a writing with the Court of your defenses objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in this Complaint for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

  **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

  *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association<br>
Lawyer Referral and Information<br>
Service<br>
One Reading Center Philadelphia, Pennsylvania<br>
19107 (215) 238-6333<br>
TTY (215) 451-6197

Case ID: 200600478

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de viente (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogada y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted perida dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME, POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQUQUISTITOS A UN HONORARIO REDUCIDO O GRATIS.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion
Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**MORGAN & MORGAN**

BY:   **/s/Kevin Clancy Boylan**
_____
Kevin Clancy Boylan,
ESQUIRE Attorney for
Plaintiff

**Morgan & Morgan Philadelphia, PLLC**
1800 JFK Blvd.
Suite 1401
Philadelphia, PA  19103
(215) 446-9795
(215) 446-9799 (FAX)
www.forthepeople.com

**Kevin Clancy Boylan**
ID# 314117
cboylan@forthepeople.com

**Hannah Molitoris**
ID# 322436
hmolitoris@forthepeople.com

| | |
|---|---|
| **PATRICK CLEMMONS**<br>**6217 Rocky Trail**<br>**Orlando, FL 32808**<br><br>**Plaintiff**<br><br>v.<br><br>**RANDY LEHR**<br>**164 Spring Hollow Rd.**<br>**Windsor, PA 17366**<br><br>**ECORE INTERNATIONAL, INC.**<br>**60 Filbert St.**<br>**Hanover, PA 17331**<br><br>**Defendants** | **IN THE COURT OF COMMON PLEAS**<br>**OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED**<br><br>**NO. 2020 –        –** |

## **COMPLAINT**

AND NOW COMES the Plaintiff, Patrick Clemmons, by and through his counsel,

Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above named

Defendants, and in support thereof avers as follows:

## **PARTIES**

1. The Plaintiff, Patrick Clemmons (hereinafter "Plaintiff") is an adult individual who

   resides at 6217 Rock Trail, Orlando, FL 32808.

2. The Defendant, Randy Lehr (hereinafter "Defendant") is an adult individual who

   resides at 164 Spring Hollow Rd., Windsor, PA 17366.

3. The Defendant, Ecore International, Inc. (hereinafter "Ecore") is a Pennsylvania

   Corporation with a registered address at 60 Filbert St., Hanover, PA 17331.

4. At all relevant times, Ecore regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania.

5. Ecore's flooring is sold to Philadelphia consumers via Philadelphia Flooring Solutions which is located in Philadelphia County. (See Exhibit A).

6. Ecore installed flooring at Philadelphia University's SEED Center and is continuing to be involved with projects at Philadelphia University. (See Exhibit B).

7. Ecore was also involved with a project at Pennsylvania Presbyterian Medical Center which involved 5,000 square yards of flooring. (See Exhibit C).

8. At all relevant times, the Defendant was the agent, servant, workman and/or employee of Ecore, and was operating a tractor trailer in the course and scope of his employment.

## **FACTUAL BACKGROUND**

9. On December 3, 2019 at approximately 12:01 a.m., the Plaintiff was pulled off the side of the road on Rt. 30 westbound to check his directions.

10. On the same date, place and time, the Defendant was traveling westbound on Rt. 30 when he left his lane of travel and smashed into the back of the Plaintiff's tractor trailer.

11. As a result of the impact, the Plaintiff suffered serious injuries to his head, neck and back.

12. The Defendant was cited for Disregarding Traffic Lane (75 § 3309 §§ 1) which he pled guilty to.

13. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

Case ID: 200600478

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## PATRICK CLEMMONS v. RANDY LEHR

14. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

15. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of Ecore, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Leaving his proper lane of travel in violation of 75 Pa. C.S.A. 3309;

    c. Driving too fast for the conditions;

    d. Failing to pay proper attention while operating his tractor trailer on Route 30;

    e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    g. Failing to exercise due care and caution under all of the existing circumstances;

    h. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR;

    k. Traveling at an excessive rate of speed on wet roads in violation of FMCSR 392.14;

3

Case ID: 200600478

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Ecore;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit in violation of the FMCSR;

v. Failing to properly inspect his tractor trailer in violation of the FMCSR;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit in violation of the FMCSR;

y. Consciously choosing to drive over the speed limit in violation of the FMCSR;

z. Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

4

Case ID: 200600478

cc. Consciously choosing to drive at a high rate of speed;

dd. Consciously choosing to drive at a high rate of speed despite the hazardous conditions that existed;

ee. Consciously choosing to drive at a high rate of speed during hazardous conditions despite knowing that he was creating an increased risk of crashing his tractor trailer; and

ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

16. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

a. TBI;

b. Concussion;

c. Post concussive syndrome;

d. Herniation at C4-5, C5-6 and C6-7;

e. Cervical radiculopathy;

f. Herniation at L5-S1; and

g. Lumbar radiculopathy.

17. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

18. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

19. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

Case ID: 200600478

20. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

21. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

22. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

23. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, the Plaintiff, Patrick Clemmons, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Randy Lehr, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**PATRICK CLEMMONS v. ECORE INTERNATIONAL, INC. as being vicariously liable for Randy Lehr**

24. The preceding paragraphs are incorporated herein by reference as though fully set forth.

25. The negligence, carelessness, and/or recklessness of Ecore, as being vicariously liable for the actions of Randy Lehr, consisted of, but is not limited to the following:

6

a.  Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

b.  Leaving his proper lane of travel in violation of 75 Pa. C.S.A. 3309;

c.  Driving too fast for the conditions;

d.  Failing to pay proper attention while operating his tractor trailer on Route 30;

e.  Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

f.  Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g.  Failing to exercise due care and caution under all of the existing circumstances;

h.  Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i.  Failing to remain alert;

j.  Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR;

k.  Traveling at an excessive rate of speed on wet roads in violation of FMCSR 392.14;

l.  Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m.  Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n.  Failing to make necessary and reasonable observations while operating his tractor trailer;

o.  Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p.  Failing to timely and properly apply his brakes;

7

Case ID: 200600478

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Ecore;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit in violation of the FMCSR;

v. Failing to properly inspect his tractor trailer in violation of the FMCSR;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit in violation of the FMCSR;

y. Consciously choosing to drive over the speed limit in violation of the FMCSR;

z. Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

cc. Consciously choosing to drive at a high rate of speed;

dd. Consciously choosing to drive at a high rate of speed despite the hazardous conditions that existed;

ee. Consciously choosing to drive at a high rate of speed during hazardous conditions despite knowing that he was creating an increased risk of crashing his tractor trailer; and

ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

Case ID: 200600478

26. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Patrick Clemmons, hereby seeks al damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant, Ecore International, Inc., as being vicariously liable for Randy Lehr, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**PATRICK CLEMMONS v. ECORE INTERNATIONAL, INC.**

27. The preceding paragraphs are incorporated herein by reference as though fully set forth.

28. Ecore had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

29. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

30. The negligence, carelessness and/or recklessness of Ecore, individually and through its various employees, servants, agents and/or workers including, but not limited to Randy Lehr, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

   b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

9

Case ID: 200600478

    d.  Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

    e.  Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

    f.  Hiring and/or continuing to employ the Defendant despite his previous driving record;

    g.  Failing to have an appropriate disciplinary policy within the company;

    h.  Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

    i.  Permitting the Defendant to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

    j.  Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailer;

    k.  Allowing the Defendant to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

    l.  Failing to adopt appropriate employee manuals and/or training procedures;

    m.  Failing to enforce both the written and unwritten policies of Ecore;

    n.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Ecore;

    o.  Failing to implement and/or enforce an effective safety system;

    p.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

    q.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

    r.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

Case ID: 200600478

s.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t.  Failing to monitor and/or regulate its drivers' actions;

u.  Failing to monitor and/or regulate its drivers' hours;

v.  Failing to monitor and/or regulate speed at which the drivers drove;

w.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

x.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

y.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

z.  Failing to have a policy or mechanism in place to address excessive speed;

aa. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

bb. Failing to act upon and remedy known violations of FMCSA regulation 395.

31. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

   **WHEREFORE**, the Plaintiff, Patrick Clemmons, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant, Ecore International, Inc., in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

11

Case ID: 200600478

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC


BY:     /s/ Clancy Boylan
        CLANCY BOYLAN, ESQUIRE
        Attorney for the Plaintiff

12

Case ID: 200600478

# EXHIBIT

# A



Sort By:   Default sorting      Show:   12







Conversation(s)

angel@philafs.com    Just now
Hi, welcome to our website, pleas-

RUBBER SURFACES - ROLLS & TILES
Ecore

RUBBER SURFACES - ROLLS & TILES
ECOsurfaces

Show:   12

PHILADELPHIA

© Copyright 2020. All Rights Reserved. / website: William Galindo

Case ID: 200600478
Case ID: 200600478

# EXHIBIT

# B

Case ID: 200600478

Case Study
# Philadelphia Univesity SEED Center



## Details

Location: Philadelphia, PA

Products Installed: 200 SF of ECOsurfaces

## Project Needs

- Cost-effective
- Ecological

## Product Benefits

- Meets stringent criteria under the LEED rating system
- FloorScoore certified
- Wears well/durable

 Commercial

Case ID: 200600478

# Ecore Plants Green Roof at Philadelphia University's SEED Center

Each summer, students studying to obtain a Master of Science in Sustainable Design at Philadelphia University participate in a green project in the Philadelphia area. Students in the summer 2012 program decided to design and construct a green roof on the University's Sustainable, Energy Efficiency and Design (SEED) Center.

The SEED Center houses the University's graduate programs in sustainable design, construction management, interior architecture, and real estate development, and also serves as a regional resource for architects, engineers, builders, and developers by offering training in sustainable building design strategies and green product and material integration. Moreover, the building has earned gold certifications from Leadership in Energy and Environmental

Design (LEED®) and the U.S. Green Building Council.

Mark Giuranna, a Regional Sales Manager for ECORE Commercial Flooring, is a Philadelphia University alumnus and wanted to get involved with the project.

"This was the first green roof done at the University, so it was experimental," said Giuranna. "They had a problem with reinforcement, so the tiles couldn't be too heavy. As a result, we created the surface using ECOsurfaces in a checker-board pattern, and it looks beautiful."

Andrew Dodge, Managing Director of ECOsurfaces and a member of the ECORE Board of Directors, generously agreed to donate 200-square-feet of ECOmax tiles for the rooftop application.

For more than ten years, ECOsurfaces has offered a diverse portfolio of flooring without sacrificing the health of the natural environment. Even before sustainable design became an industry emphasis, ECOsurfaces was proactively using recycled material resources and engineering new environmentally sustainable surfacing solutions. "With a continued commitment to upholding the environment and providing innovative product selections, we were happy to donate ECOsurfaces for the SEED Center's green roof project," said Dodge.

They are extremely happy with it," said Giuranna. "They University just loved it, and they are going to be doing more green roof projects, and ECORE is going to be involved with them."




ecore | Built by Yes.

# EXHIBIT
# C

5/21/2020

# Pennsylvania Presbyterian Medical Center

Philadelphia, PA

Collection: Rx
Product: Forest Rx
Color: Oiled Oak
Dimensions: 5,000 square yards

**The Challenge.**

It took three years to create a new trauma center for the Pennsylvania Presbyterian Medical Center (PPMC). This premier medical center treats thousands of life-threatening injuries every year, and it was crucial to design a facility that would benefit patients, staff, and healthcare providers.

PPMC had many challenges to address, including maximizing sound absorption for increased rest and privacy and minimizing impact on joints for hardworking staff. The floor also had to be durable, easy to clean, and able to withstand the weight of patient beds and other equipment without permanent indentations. And, of course, it had to look great.

**Our solution:** Forest Rx.

The design team selected 5,000 square yards of Forest Rx for patient bays, treatment areas, corridors, and nurses' stations. Forest Rx uses Ecore's patented itstru technology, which fusion bonds a composition rubber backing to a vinyl surface, making it ergonomic, quiet, and safe. The material lowers the impact of force from falls by an impressive 11.5 percent.

The number of colors available allowed the team to choose high-contrast pops of color to help decrease patient and visitor anxiety, and to differentiate between staff, patient, and family zones. Forest Rx is as quiet as carpet, reducing impact sound more than 20 decibels.



Case ID: 20060047:
1/1